**KWAN SU YI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 08–71173.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2009.

Filed Oct. 30, 2009.

Lesley Irizarry–Hougan, L.I.H. Law, P.S., Manuel Rios, III, Rios Cantor, P.S., Seattle, WA, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, OIL, Kevin James Conway, Esquire, Ann M. Welhaf, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Seattle, WA, for Respondent.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,* District Judge.

* The Honorable Larry A. Burns, U.S. District Judge for the Southern District of California,

MEMORANDUM **

Petitioner Kwan Su Yi ("Yi"), a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' ("BIA") order holding him removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) based on his 2003 conviction under Anchorage Municipal Code ("AMC") § 8.10.010(B)(1) for domestic violence assault. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.[1]

Yi's conviction under AMC § 8.10.010(B)(1) does not support his removal pursuant to section 1227(a)(2)(E)(i). To be removable under section 1227(a)(2)(E)(i), a conviction must qualify as (1) a "crime of violence" as defined under federal law (2) committed "against a person who has one of several enumerated domestic relationships with the perpetrator." *Fernandez–Ruiz v. Gonzales*, 466 F.3d 1121, 1124–25 (9th Cir.2006) (en banc) (citing 8 U.S.C. § 1227(a)(2)(E)(i)) (internal quotation marks omitted). We determine whether a conviction is grounds for removal by applying the categorical and modified categorical approaches. *Cuevas–Gaspar v. Gonzales*, 430 F.3d 1013, 1017 (9th Cir.2005).

Under the categorical approach, Yi's conviction does not support the charge of removability because AMC § 8.10.010(B)(1) prohibits both the "intentional" and "reckless" use of force against another, and is therefore broader than the federal definition of a "crime of violence." *Fernandez–Ruiz*, 466 F.3d at 1130 (noting that a crime of recklessness cannot meet the generic, federal definition of a "crime of violence"). Moreover, the limited documents in the record of conviction fail to establish whether Yi admitted to intentionally or recklessly assaulting his brother, thus failing to bring the conviction within the generic definition of a "crime of violence" under the modified categorical approach. *See United States v. Vidal*, 504 F.3d 1072, 1086–87 (9th Cir.2007) (en banc) (explaining that the record of conviction must show that the plea "necessarily" rested on facts "identifying the offense as generic"). Accordingly, we grant Yi's petition for review, reverse the BIA's decision affirming the IJ's order of removal, and remand to the BIA for disposition consistent with this decision.

**PETITION GRANTED AND REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts of this

---

case, so we repeat them here only as necessary.

